THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00160-MR-WCM

| | |
|---|---|
| **GREGORY HANNAH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **WESTROCK SERVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for further proceedings consistent with the United States Supreme Court's decision in Bostock v. Clayton County, 140 S. Ct. 1731 (2020). [Doc. 29].

In an Order entered on March 20, 2019, this Court accepted the Magistrate Judge's Memorandum and Recommendation and dismissed the Plaintiff's Title VII claim with prejudice on the ground that Title VII did not protect employees against sexual orientation discrimination. [See Doc. 23 at 2 (citing Wrightson v. Pizza Hut of America, Inc., 99 F.3d 138 (4th Cir. 1996)]. The Plaintiff's state law wrongful discharge claim was dismissed without prejudice. [Id.]. The Plaintiff appealed. The Fourth Circuit

subsequently placed the appeal in abeyance pending a decision by the Supreme Court in Bostock v. Clayton County, 723 F. App'x 964 (11th Cir. 2018), cert. granted, 139 S. Ct. 1599 (Apr. 22, 2019), and Zarda v. Altitude Express, Inc., 883 F.3d 100 (2nd Cir. 2018), cert. granted, 139 S. Ct. 1599 (Apr. 22, 2019). On June 15, 2020, the Supreme Court held in Bostock that discrimination against an employee because of their sexual orientation constitutes prohibited employment discrimination "because of . . . sex" within the meaning of Title VII. Bostock, 140 S. Ct. at 1754. Thereafter, the Fourth Circuit granted the parties' consent motion to remand, and this matter was remanded to this Court for further proceedings consistent with the Bostock decision. [Doc. 29]. The Fourth Circuit issued its mandate on July 23, 2020. [Doc. 30].

In light of the Fourth Circuit's remand and the Bostock decision, the Court enters the following Order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 21] are **SUSTAINED**; the Memorandum and Recommendation [Doc. 16] is **REJECTED**; and the Defendant's Motion to Dismiss [Doc. 4] is **DENIED**. The Defendant shall have twenty-one (21) days from the entry of this Order to file an Answer to the Plaintiff's Complaint.

**IT IS SO ORDERED.**

Signed: July 23, 2020

Martin Reidinger
Chief United States District Judge